NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**STEPHEN W. GINGERY,**
*Petitioner,*

v.

**DEPARTMENT OF THE TREASURY,**
*Respondent.*

---

2012-3057

---

Petition for review from the Merit Systems Protection Board in consolidated case nos. CH3330110126-I-1 and CH3330110127-I-1.

---

Decided: August 13, 2012

---

STEPHEN W. GINGERY, of Macomb, Michigan, pro se.

DEVIN A. WOLAK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant Director

---

Before RADER, *Chief Judge*, PROST, and REYNA, *Circuit Judges*.

PER CURIAM.

Petitioner Stephen W. Gingery, *pro se*, appeals the decision of the Merit Systems Protection Board ("Board"), denying his claim that the United States Department of the Treasury ("Treasury") violated his rights under the Veterans Employment Opportunity Act of 1998 ("VEOA") when Treasury, as part of a Board-mediated settlement, filled a vacancy for an Examination Technician ("ET") position. Petitioner challenges the Treasury's decision to internally fill the ET vacancy by reinstating an Internal Revenue Agent. Upon careful consideration, we affirm for the reasons outlined below.

## I.

Mr. Gingery is a ten-point preference-eligible veteran who sustained a service-connected disability while serving in the United States Navy. In May and June 2010, Treasury posted vacancy announcements on its internal Career Opportunity Listing ("COL") and on the USAJOBS website ("503 Announcement"), seeking to fill an ET position. On June 3, 2010, Mr. Gingery applied for the position in response to the 503 Announcement, and later submitted proof that he was a preference-eligible veteran, which prompted Treasury to add ten points to his rating.

On June 30, 2010, a promotion certificate for the internal COL announcement was prepared and forwarded to the selecting official, who did not select any of the candidates because the position had been or was going to be filled as the result of a Board-mediated settlement agreement. The settlement agreement arose from Treasury's removal of an Internal Revenue Agent for poor performance in February 2010. The Internal Revenue

Agent sought Board review, and the parties agreed to mediate the dispute. In anticipation of the mediation, the selecting official for the ET position had advised the Human Resources Specialist that the position would not need to be announced externally. As part of the mediation, which occurred on July 30, 2010, and the settlement agreement in which it culminated, the former Internal Revenue Agent requested a voluntary downgrade to the ET position at issue.

No action was taken on the 503 Announcement until July 29, 2010, when the Human Resources Specialist administering it discovered that the position had been filled and cancelled the announcement. On September 2, 2010, Treasury notified Mr. Gingery that the position had been filled, and the next day, Mr. Gingery asked if he had been considered for the position. On September 11, 2010, Mr. Gingery filed a VEOA complaint with the Department of Labor ("DOL"), generally alleging that Treasury had violated his VEOA rights by filling the ET position with the former Internal Revenue Agent. The DOL issued its determination on October 25, 2010, finding Mr. Gingery's complaint to be unsupported by the evidence.

On November 8, 2010, Mr. Gingery filed a petition with the Board, again challenging the selection of the former Internal Revenue Agent for the ET position. The administrative judge ("AJ") denied Mr. Gingery's request for corrective action because he failed to establish a violation of his VEOA rights.

Mr. Gingery appealed the initial decision to the full Board, which denied his petition. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295a(9).

## II.

This court shall hold unlawful and set aside any Board action, findings, or conclusions found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

The VEOA provides in relevant part that "veterans. . . may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures." 5 U.S.C. § 3304(f)(1). The VEOA only prohibits an agency from denying a preference-eligible veteran the opportunity to compete for a position; it does not guarantee that the veteran will be selected. *See Gingery v. MSPB*, 2012 WL 1606354, at *3 (Fed. Cir. May 9, 2012) (internal citation omitted). A preference-eligible veteran who alleges that an agency violated his rights under a statute or regulation relating to veterans' preference must first file a complaint with the Secretary of Labor before appealing the alleged violation to the Board. *See* 5 U.S.C. § 3330a(d)(a); *see also* 5 C.F.R. § 1208.2(b) ("[A] preference eligible. . . may file an appeal with the Board, provided that he has satisfied the statutory requirements for first filing a complaint with the Secretary of Labor and allowing the Secretary at least 60 days to attempt to resolve the complaint."). Accordingly, to establish Board jurisdiction over an appeal brought under the VEOA, an appellant must show, among other things, that he exhausted his administrative remedies with the Department of Labor. *Lazaro v. Dep't of Veterans Affairs,* 666 F.3d 1316, 1319 (Fed. Cir. 2012).

### III.

Substantial evidence, including the plain language of the settlement agreement and an email from the selecting official, supports the Board's finding that the position was lawfully filled by the former Internal Revenue Agent. In particular, regulation 5 C.F.R. § 335.102 authorizes this type of reassignment of a former employee to a new position. Mr. Gingery claims that certain conditions are required before such a reassignment must occur, but he does not identify with specificity what those conditions are and thus, proves no violation of them. He fails to cite authority supporting his contention that the terms of settlement agreement should not be carried out merely because non-pertinent language in the agreement had been redacted. In any event, the Board's credibility determinations are virtually unreviewable on appeal. *See Chamber v. Dep't of Interior*, 515 F.3d 1362, 1370 (Fed. Cir. 2008).

Mr. Gingery argues that once he established Board jurisdiction, the burden of proof shifted to Treasury to prove by preponderant evidence that its actions were lawful and did not violate his VEOA rights. To the contrary, it is well settled that to prevail, the appellant, not the agency, must prove by preponderant evidence that the agency's action violated one or more of his statutory or regulatory veterans' preference rights in the selection process. *See Dale v. Dep't of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 10, *review dismissed*, 199 F. App'x 948 (Fed. Cir. 2006); (citing *Hillman v. Tennessee Valley Authority*, 95 M.S.P.R. 162, ¶ 16 (2003) ("If on remand the appellant shows that his VEOA appeal is within the Board's jurisdiction and is not time barred, he must prove by preponderant evidence that the agency's selection violated one or more of these statutory or regulatory provisions.")).

Mr. Gingery also challenges the AJ's finding that Treasury acted within its discretion in filling the ET position with the former Internal Revenue Agent as a result of a Board-mediated settlement agreement because there is no evidence that the former Internal Revenue Agent was excepted from competitive service. Treasury may fill a vacant position by any properly authorized method, including reinstatement. 5 C.F.R. § 330.101-102. Indeed, an agency may fill a position through reinstatement rather than competitive examination process without violating VEOA. *See Sherwood v. Dep't of Veterans Affairs*, 88 M.S.P.R. 208, ¶ 10 (2001) ("Likewise, although the agency could have used the competitive examining process . . . it was not required to use that method. Again, Civil Service Rule 7.1 and 5 C.F.R. § 330.101, as well as 5 U.S.C. § 3316, gave the agency the discretion to fill the Civilian Pay Technician position by reinstatement instead of by competitive examining."). Treasury may appoint by reinstatement to a competitive service position a person who was previously employed under career or career-conditional appointment (or equivalent). 5 C.F.R. § 315.401(a). Here, the former Internal Revenue Agent occupied a position in the competitive service under a career or career-conditional appointment at the time of her removal, making her eligible for reinstatement. Therefore, the Board did not err.[1]

Mr. Gingery also claims that the AJ erred in determining that Treasury was not obligated to consider him

---

[1]    To the extent Mr. Gingery challenges the documentary evidence supporting the government's contention that the former Internal Revenue Agent was reinstated, the Board's factual determinations are virtually unreviewable on appeal. In any event, we will not overturn the Board's factual findings based solely upon conclusory assertions by Mr. Gingery that the documents were not definitive.

for the ET position because during the period of time that the vacancy announcement was open, the "area of consideration was not extended outside of the agency's own workforce." Mr. Gingery argues that the AJ misconstrued *Montee v. Dep't of the Army*, 110 M.S.P.R. 271, ¶ 6 (2008) because here, the 503 Announcement was open at the same time as the internal COL announcement, thus satisfying the statutory requirements to consider preference-eligible veterans. He also relies upon *Gingery v. Dep't of Veterans Affairs*, 114 M.S.P.R. 175, ¶ 9 (2010), in which the Board held that, "[b]ecause the agency accepted applications from individuals outside its own workforce but considered only applications from internal candidates, the agency did not afford the appellant a bona fide opportunity to compete in violation of § 3304(f)(1)."

This case is distinguishable, however, because here, the selecting official non-selected *all* of the putative appointees on the internal COL announcement when he learned that the position had been filled pursuant to a settlement agreement. Therefore, the selecting official did not consider applications received as a result of the internal announcement. Human Resources Assistant Lanita Barren provided a declaration, stating that Treasury only accepted applications from its employees for the vacancy announcement because it was only open to internal candidates. A certificate of eligibles was prepared only for applications received as a result of the internal COL announcement. Mr. Gingery's name was not included on the certificate because he could not apply under the internal vacancy announcement. The certificate was referred to the selecting official, who returned the certificate stating no selection was made. The agency never issued an external certificate of eligibles for applications received pursuant to the 503 Announcement because it cancelled that announcement and filled the position with

the former Internal Revenue Agent.  Mr. Gingery cites no authority to support his assertion that the exclusion of an external applicant's name on a certificate of eligibles prepared solely as a result of the receipt of applications in response to an internal announcement violates VEOA.  Nor does the Treasury violate veterans' preference rights when it cancels a recruitment action for any lawful reason.  *See Abell v. Dep't of the Navy*, 343 F.3d 1378, 1383-84 (Fed. Cir. 2003).[2]  Here, cancellation because the position had been filled neither demonstrated bad faith nor violated the law.

We have considered Mr. Gingery's other arguments made on appeal and find that they provide no basis for relief.  For the foregoing reasons, the decision of the Board is hereby

**AFFIRMED**

COSTS

Each party shall bear its own costs.

---

[2]  The fact that Treasury erred in stating that the position had been filled with an internal applicant rather than pursuant to the settlement agreement does not alter this result.